# Supreme Court of the Navajo Nation

### In re Practice of Law
### in the Courts of the Navajo Nation by
### Helen Avalos.
### Decided August 6, 1990

## OPINION

Before TSO, Chief Justice, AUSTIN and CADMAN (sitting by designation), Associate Justices.

Helen Avalos, *Pro se*, Navajo Nation Department of Justice, Window Rock, Arizona; and Lawrence A. Ruzow, Esq., Window Rock, Arizona, for Intervenor Navajo Nation Bar Association.

Opinion delivered by TSO, Chief Justice.

This Court entered an order on July 16, 1990, denying petitioner's petition for special associate membership status pending admission to the Navajo Nation Bar Association (NNBA). This opinion gives the reasons for the action taken in the order.

## I

Ms. Avalos, a non-Navajo, is a member of the New Mexico State Bar. The Navajo Nation Department of Justice hired Avalos on May 1, 1990, and her duties include representing the Navajo Nation in Navajo Nation courts. Avalos will file an application to take the August, 1990 Navajo Nation Bar Examination.

The rules for associate membership status in the NNBA are governed by Section III.B.3.B)3) of the NNBA By-Laws. Associate membership status permits an individual to practice law in Navajo Nation courts under the supervision of a regular member while waiting to pass the Navajo Nation Bar Examination. Additionally, enrolled Navajo members and members of Indian nations that grant reciprocity on bar membership to the NNBA are eligible for associate membership status. *In re Practice of Law*, 4 Nav. R. 75 (1983).

The current NNBA By-Laws do not provide for interim NNBA membership for non-Navajos who are law school graduates and admitted to a state bar. However, in Section I.E. of the NNBA By-Laws, such individuals, if non-residents of the Navajo Nation, may appear in one case per year in Navajo Nation courts.

Avalos requested of the Supreme Court permission to practice law in the Navajo Nation courts under a special associate membership status. Avalos has

not taken or passed the Navajo Nation Bar Examination nor has she been approved for admission by the NNBA Admissions Committee.

On June 13, 1990, Lawrence A. Ruzow, Vice-Chairman of the NNBA, filed a motion to intervene and a response to Avalos' petition for special associate membership status. Mr. Ruzow was permitted to intervene on behalf of the NNBA.

## II

Although no rules have been promulgated by the NNBA concerning special associate membership status, this Court has previously addressed issues arising from these types of cases. See *Tafoya v. Navajo Nation Bar Assoc.*, 6 Nav. R. 141 (1989); *In re Practice of Law*, 4 Nav. R. 75 (1983). In the latter case this Court said "individuals cannot be barred from directly petitioning the Courts for admission ... [because] only the Courts, have the ultimate authority in this area." 4 Nav. R. at 76. In *Tafoya* we said that this Court has ultimate authority over all admissions to the NNBA. 6 Nav. R. at 145. This petition is properly before the Supreme Court.

## III

### A

Avalos first claims a legitimate interest in obtaining special associate membership status. Avalos states her legitimate interests as follows: (1) she is unable to perform her duty of representing the Navajo Nation in Navajo Nation courts because she is not an NNBA member; and (2) she desires not to engage in the unauthorized practice of law.

While Avalos' interests are legitimate, she did not provide this Court with any evidence of necessity for the special exception she seeks. *In re Practice of Law*, 4 Nav. R. at 76. Avalos' contention that the reason for the petition is so that she may appear in Navajo Nation courts as a special associate member is not well-founded. This Court requires associate members to appear in court only with their supervising attorney or advocate. Thus, granting petitioner special associate membership status would not benefit the petitioner or the Department of Justice because each of Avalos' court appearances would require supervision by a Justice Department attorney. Avalos' argument lacks evidence of necessity.

The Court assumes that Avalos accepted employment with the Navajo Nation Department of Justice knowing that she was not a member of the NNBA and not eligible for associate membership under the current rules. Therefore, Avalos' desire not to engage in the unauthorized practice of law is not a sound basis for granting her an exception. As we said in *Tafoya*, "It is not unreasonable to expect one in Tafoya's position to make a basic inquiry into his eligibility to practice law." 6 Nav. R. at 146.

The NNBA rules for associate membership status under by-law Section III.B.3.B)3) provides an admissions criteria "designed to improve the Navajo court system and enhance the quality of the Navajo Bar." *Id.* at 143. The fact that Avalos is treated differently than Navajos by the NNBA By-Laws is not grounds for granting her an exception. As tribal members, Navajos know the customs, traditions and language of their people. These are important components which justify admission of non-law school trained Navajos to the Navajo Bar, because "[a]n understanding of Navajo lifestyle and culture is indispensable to the practice of law within the Navajo Nation...." *Id.* To allow a special exception for Avalos would defeat the purpose for which the associate membership status was created.

B

The Supreme Court of the Navajo Nation has ultimate authority to decide whether an individual will be admitted to practice law in the Navajo Nation courts. *Tafoya*, 6 Nav. R. at 145; *See In re Practice of Law*, 4 Nav. R. 75. While individuals have a right to petition this Court, the Supreme Court has neither the time nor resources to hear each petition individually. The Court has therefore delegated the responsibility of screening applicants to the NNBA. *Alderman v. Navajo Nation Bar Ass'n.*, 6 Nav. R. 188, 189 (1990). This responsibility includes the testing, grading, passing/failing, and background checks on applicants. Avalos wishes to bypass these bar requirements and obtain special associate membership status on an individual level similar to Elkins in *In re Practice of Law*. However, unlike Elkins, Avalos has not demonstrated any evidence of necessity which can justify an exception in her case.

Avalos relies specifically upon *In re Practice of Law*, where Melody K. Elkins, a non-Navajo attorney employed by the Navajo Nation Department of Justice, was granted special associate membership status. The Court granted Elkins special associate membership status with the recognition that she could not be granted associate membership status in the NNBA.

Elkins was granted special associate membership prior to taking the Navajo Nation Bar Examination because she was needed by the Navajo Nation to present important issues in the Navajo Nation courts. The special associate membership granted Elkins arose out of special circumstances showing necessity at a particular time. The Navajo Nation Department of Justice had been recently created and the Department was in the process of hiring attorneys. Those attorneys hired were needed immediately to represent the Nation in Navajo Nation courts.

We said earlier that Avalos had not provided this court with evidence of "necessity" such as that which the Court based its decision upon in Elkins' situation. We doubt that another situation similar to Elkins' situation will appear again. The Department of Justice is now well staffed with NNBA members who are competent in representing the Navajo Nation in Navajo Nation courts.

For this reason, the *Elkins* decision will be confined to Elkins' situation only and special associate membership admissions to the NNBA will no longer be granted.

Ms. Avalos' petition for special associate membership is denied.